# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re CAMBREX CORP. SECURITIES LITIGATION <br><br> ──────────────────── <br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. 2:03cv04896 <br><br> <u>CLASS ACTION</u> <br><br> Judge Peter G. Sheridan <br> Magistrate Judge Esther Salas <br><br> DATE:    May 5, 2008 <br> TIME:    3:30 p.m. <br> COURTROOM:   The Honorable <br> Peter G. Sheridan |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, filed February 1, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of September 28, 2007 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said

settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Plaintiffs, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.  Upon the Effective Date, the Lead Plaintiff, the Representative Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

6.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, the Representative Plaintiff, each and all of the Class Members, Lead Counsel and Liaison Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

7.  The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

8.  Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

9.  Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may

be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

11. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

12. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then

this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: 5/5/08      _/s/ Peter M. Sheridan_
                    THE HONORABLE PETER G. SHERIDAN
                    UNITED STATES DISTRICT JUDGE

S:\Settlement\Cambrex.set\FINAL JUDGMENT 00049888.doc



*CBRX1-EXCL00001*

RECEIVED TS
APR 16 2008
CLAIMS CENTER

April 14, 2008

Cambrex Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RE:   In re CAMBREX CORP. SECURITIES LITITATION, Master File No. 2:03cv04896
      Request for Exclusion - Cambrex Corporation Nonqualified Deferred Compensation Plan

Dear Sir or Madam:

Pursuant to the Notice of Pendency and Proposed Settlement Class Action in the above-referenced action, this letter serves as a Request for Exclusion from the Class for the following:

**Name:** Fidelity Management Trust Company as Trustee for the Cambrex Corporation Nonqualified Deferred Compensation Plan
**Address:** 50 West Rivercenter Blvd., Mailzone KM8A, Covington, KY 41011
**Telephone Number:** 859-386-3599

Cambrex Securities purchased/sold between October 21, 1998 and July 25, 2003

| DATE TRADE | CODE | DESCRIP | UNITS TRADED |
|---|---|---|---|
| 11/20/1998 | Buy | CAMBREX CORP | 2 |
| 11/20/1998 | Buy | CAMBREX CORP | 65 |
| 11/20/1998 | Buy | CAMBREX CORP | 300 |
| 02/17/1999 | Buy | CAMBREX CORP | 30 |
| 02/26/1999 | Buy | CAMBREX CORP | 34 |
| 02/26/1999 | Buy | CAMBREX CORP | 300 |
| 05/21/1999 | Buy | CAMBREX CORP | 317 |
| 08/20/1999 | Buy | CAMBREX CORP | 306 |
| 11/26/1999 | Buy | CAMBREX CORP | 259 |
| 12/13/1999 | Buy | CAMBREX CORP | 22 |
| 02/25/2000 | Buy | CAMBREX CORP | 199 |
| 05/26/2000 | Buy | CAMBREX CORP | 183 |
| 08/25/2000 | Buy | CAMBREX CORP | 173 |
| 11/24/2000 | Buy | CAMBREX CORP | 212 |
| 02/23/2001 | Buy | CAMBREX CORP | 179 |
| 05/25/2001 | Buy | CAMBREX CORP | 141 |
| 08/24/2001 | Buy | CAMBREX CORP | 165 |
| 11/23/2001 | Buy | CAMBREX CORP | 193 |
| 12/26/2001 | Buy | CAMBREX CORP | 18 |
| 02/22/2002 | Buy | CAMBREX CORP | 177 |
| 05/24/2002 | Buy | CAMBREX CORP | 172 |
| 08/23/2002 | Buy | CAMBREX CORP | 201 |
| 09/19/2002 | Buy | CAMBREX CORP | 2 |

**Exhibit 1**

| Date | Type | Security | Amount |
|---|---|---|---|
| 11/22/2002 | Buy | CAMBREX CORP | 254 |
| 02/21/2003 | Buy | CAMBREX CORP | 300 |
| 05/23/2003 | Buy | CAMBREX CORP | 377 |
|  |  |  | 4,581 |
| 01/25/1999 | Sell | CAMBREX CORP | -6,181 |
| 01/25/1999 | Sell | CAMBREX CORP | -26,119 |
| 01/26/1999 | Sell | CAMBREX CORP | -7,946 |
| 01/14/2000 | Sell | CAMBREX CORP | -6,031 |
| 01/10/2001 | Sell | CAMBREX CORP | -6,282 |
| 01/10/2001 | Sell | CAMBREX CORP | -6,735 |
| 12/11/2001 | Sell | CAMBREX CORP | -4 |
| 01/14/2002 | Sell | CAMBREX CORP | -6,413 |
| 01/15/2003 | Sell | CAMBREX CORP | -6,199 |
|  |  |  | -71,910 |

Enclosed is an affidavit affirming Fidelity Management Trust Company's (FMTC) position as trustee of the Plan and my authority to sign on behalf of FMTC. Should you have any questions, please contact Melissa Feidler at the telephone number above.

Thank you,

Fidelity Management Trust Company

By: *[signature]*
Wayne A. Isaacs, Vice President
Benefits Compliance

cc: Jay Barrett, Cambrex Corporation
Todd Coates, Fidelity Investments
Melissa Feidler, Fidelity Investments
Amy Wainio, Fidelity Investments

2/3



### Affidavit of Wayne A. Isaacs

I, Wayne A. Isaacs, affirm under the penalties of perjury that I am authorized to sign on behalf of Fidelity Management Trust Company ("FMTC") and that FMTC is the trustee of the Cambrex Corporation Nonqualified Deferred Compensation Plan (the "Plan") and is authorized to submit the Request for Exclusion on behalf of this Plan.

The data compiled for this Plan was obtained from our recordkeeping system and is true, correct, and complete to the best of my knowledge.

_____   _April 11, 2008_
Wayne A. Isaacs                                    Date
Vice President
Benefits Compliance


COMMONWEALTH OF KENTUCKY
County of Kenton

On this _11th_ day of _April_, 2008, before me, the undersigned notary public, personally appeared _WAYNE ISAACS_, proved to me through satisfactory evidence of identification, which were _Personally Known to me_, to be the person whose name is signed on the preceding document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: _4-16-2011_

TARA A. ROOKE
Notary Public-State at Large
KENTUCKY
My Commission Expires April 16, 2011

3/3

